***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Baddour and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, and having reviewed the competent evidence of record, the Full Commission adopts the Opinion and Award of Deputy Commissioner Baddour with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act. *Page 2 
2. All parties are subject to and bound by the Workers' Compensation Act.
3. On the date of incident giving rise to this claim, an employer-employee relationship existed between the parties, the employer was self-funded, and Allied Claims Administration, Inc. was the third party administrator.
 *********** EXHIBITS
The following exhibits were admitted into evidence:
 (a) Stipulated Exhibit 1: Pre-Trial Agreement
 (b) Stipulated Exhibit 2: Plaintiff's Medical Records
 (c) Stipulated Exhibit 3: Industrial Commission Forms
 (d) Defendants' Exhibit 1: Plaintiff's Discovery Responses
 (e) Defendants' Exhibit 2: Letter from Plaintiff
 (f) Defendants' Exhibit 3: Presbyterian Hospital Medical Note
 (g) Defendants' Exhibit 4: FMLA Request dated 9/28/2004
 (h) Defendants' Exhibit 5: Affidavit of Plaintiff dated 11/7/2005
 (i) Defendants' Exhibit 6: Discharge Summary dated 7/17/2006
 (j) Defendants' Exhibit 7: FMLA Request dated 5/24/2008
 (k) Defendants' Exhibit 8: Affidavit of Plaintiff dated 11/8/2005
 (l) Defendants' Exhibit 9: Compact Disc with Recording of Meeting with Plaintiff
 (m) Defendants' Exhibit 10: Transcript of Meeting with Plaintiff
 (n) Defendants' Exhibit 11: Transcript of Phone Call with Plaintiff
 (o) Defendants' Exhibit 12: Summary of Investigation *Page 3 
 (p) Defendants' Exhibit 13: Short Term Disability Payments
 (q) Defendants' Exhibit 14: Long Term Disability Payments
 (r) Defendants' Exhibit 15: Mecklenburg County Group Benefit Manual
 *********** ISSUES (a) Whether plaintiff sustained a compensable injury by accident on March 21, 2006?
 (b) If so, to what benefits, if any, is plaintiff entitled?
 ***********
Based upon all of the competent evidence of record the Full Commission makes the following:
 FINDINGS OF FACT
1. On March 21, 2006, plaintiff was employed as an officer with the Mecklenburg County Sheriff's Department.
2. On Saturday, March 18, 2006, plaintiff, while off-duty and outside her residence in Huntersville, North Carolina, witnessed an underage driver strike a mailbox. Plaintiff telephoned 911 and the Huntersville Police Department responded. Plaintiff and the Huntersville police officers who responded to the incident were involved in a verbal altercation. Due to this verbal altercation, the Huntersville Police Department lodged a complaint with the Mecklenburg County Sheriff's Department.
3. On March 21, 2006, as part of the Mecklenburg County Sheriff's Department's investigation, plaintiff attended a meeting with Commander Rick Sanders and Major Michael Detomasso. *Page 4 
4. Plaintiff contends that during the course of this meeting, Commander Sanders screamed at her, threatened her, taunted her, cursed her, pounded his fist on his desk, stood up as if to come over the desk, and pushed plaintiff as she left the office. Plaintiff contends that this meeting caused her to have anxiety and other psychological problems that have rendered her unable to work since March 21, 2006.
5. An audiotape of the March 21, 2006 meeting does not support plaintiff's contentions. Although the audiotape does not show the physical actions of the participants in the meeting, it indicates that Commander Sanders did not scream, make threats, taunt, curse or otherwise act in an unprofessional manner during the meeting.
6. Commander Sanders and Major Detomasso both testified that Commander Sanders did not scream at, threaten, curse, taunt, pound his fist on the desk, stand up or push the plaintiff during the meeting. The testimony of Commander Sanders and Major Detomasso is consistent with the audiotape of the hearing and is accepted as credible.
7. Plaintiff's testimony is not credible. In addition to the difference between her description of the March 21, 2006 meeting and the audiotape of that meeting, plaintiff testified that she had no prior history of psychological or mental health treatment. Her medical records prior to March 21, 2006, which were not produced until an order by the Industrial Commission compelling their production, show a history of psychological issues that have required medication and that caused plaintiff to miss at least a month of work less than two years before the March 21, 2006 meeting.
8. The March 21, 2006 meeting did not constitute an interruption of plaintiff's work routine. During the meeting, there were no unusual conditions likely to result in unexpected consequences. *Page 5 
9. The competent and credible evidence of record supports a finding that plaintiff did not sustain an injury by accident on March 21, 2006. The competent and credible evidence of record further supports a finding that the meeting on March 21, 2006 did not cause or aggravate plaintiff's anxiety and/or other psychological problems.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident on March 21, 2006, which caused or aggravated her psychological condition, and therefore her claim is not compensable. N.C. Gen. Stat. § 97-2(6).
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim for compensation under the North Carolina Workers' Compensation Act must be, and the same is hereby, DENIED.
2. Each side shall bear its own costs.
This the30th day of April 2009.
S/___________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/___________________ CHRISTOPHER SCOTT COMMISSIONER
S/___________________ LAURA K. MAVRETIC COMMISSIONER